

**Hand Delivered**

June 2, 2017

Edwin Roberson – State Director
Kent Hoffman – Deputy State Director
Bureau of Land Management, Utah State Office
440 West 200 South, Suite 500
Salt Lake City, Utah 84101

      Re:    BLM-Utah's Approval of Oil and Gas Lease Suspension and Unitization Agreements without Appropriate Environmental Analysis and Without Public Notice

Dear Director Roberson and Deputy Director Hoffman,

This letter is in regard to BLM-Utah's longstanding, unlawful approval of oil and gas lease suspension requests and unitization agreements without preparing the appropriate environmental analysis and without providing notice to the public through BLM's E-Planning website.

**Failure to Comply with NEPA**

The Department of the Interior's NEPA Manual specifically provides that BLM will, at a minimum, prepare a Categorical Exclusion before it approves unitization agreements, a suspension of operations, force majeure suspension, or suspension of operations and production,  516 DM 11.9.B(3) & (4).  If BLM determines that a "CX does not pass the 'extraordinary circumstances' test, the proposed action analysis defaults to either an EA or an EIS."  516 DM 11.9.  BLM's NEPA Handbook is equally clear that BLM must, at a minimum, prepare a CX prior to approval of these oil and gas-related actions.  *See* H-1790-1.B.3-4.  *See also* Utah BLM NEPA Guidebook, Chapter 6 (March 2006) (detailing procedures to be followed regarding use of CXs).

Regrettably, BLM-Utah has completely shirked its responsibility to prepare categorical exclusions for these actions and to consider whether extraordinary circumstances exist that require either an EA or EIS be prepared.  It is incumbent on BLM to immediately change its practices and undertake the required level of NEPA review.

*SUWA letter to Roberson and Hoffman*
*June 2, 2017*

**Public Involvement**

NEPA's implementing regulations direct BLM to "[p]rovide public notice of … the availability of environmental documents so as to inform those persons and agencies who may be interested." 40 C.F.R. § 1506.6(b).  Further, [i]n all cases [BLM] shall mail notice to those who have requested it on an individual action," and [s]olicit appropriate information from the public."  *Id.* § 1506.6(b)(1) & (d).

BLM-Utah's NEPA Guidebook reinforces these regulations and commits the agency to both solicit public input and timely notify the public of agency decisions:

> The Utah BLM is [] committed to maximizing opportunities for meaningful public involvement as we make our decisions. …
>
> In order to facilitate public awareness and opportunities for involvement, the Utah BLM State and field office websites include a searchable Environmental Notification Bulletin Board (ENBB) [now BLM's E-Planning website] that lists proposals being considered. Refer to Chapter 3 of this Guidebook for instructions on listing projects on the ENBB. It is of utmost importance that this system is a reliable source of information for the public and that all actions, including project status updates, are entered into the system in a timely manner …
>
> Based on the need to foster public awareness and input, all proposed actions should be listed on the Environmental Notification Bulletin Board, now E-Planning] regardless of the level of NEPA documentation required.  This includes all EISs, EAs, DNAs, and those CXs that require documentation. …  Notification of decisions must be placed on the ENBB on the day the decision is signed, as this initiates opportunities for formal protests or appeals under specific program guidance and/or 43 CFR Part 4. Formal protest and appeal opportunities may exist, regardless of the level of NEPA documentation required for a proposal.
>
> … It is important to inform individuals and organizations that may be affected by or concerned about proposed actions or that have specifically requested notification through news releases, newsletters, direct mailing, e-mail or other methods of communications.

Utah BLM NEPA Guidebook, Chapter 2 p.1 (March 2006).  *See also* H-1790-1.4 (acknowledging that in the CX context, public involvement may be particularly useful: "Public involvement may be valuable in determining whether extraordinary circumstances apply.").

Simply put, Utah BLM has completely disregarded these commitments with regard to lease suspensions and unitization agreements.  On several occasions SUWA has requested that it be notified of lease suspension but BLM has refused to provide such notice.  Further, BLM-Utah does not list its decisions with regard to lease suspensions and unitization agreements on the agency's E-Planning website (nor

*SUWA letter to Roberson and Hoffman*
*June 2, 2017*

did it list them on the predecessor to this database, the Environmental Notification Bulletin Board). Notably, this practice is contrary to BLM-Colorado which for more than two years has listed both lease suspensions and unitization agreements on the E-Planning website.  In addition, BLM-Colorado prepares CXs to support these decisions.  *See* Extension of Suspension of Operations and Production, Federal Oil and Gas Lease COC-66716, DOI-BLM-CO-S050-2015-0055-CX (Sept. 2015) and Approval of Communitization Agreement COC-74885 and COC-74886, DOI-BLM-CO-N040-2017-0044-CX (Dec. 2016) (both CXs are attached hereto).

BLM should immediately begin following the commitments in its own NEPA Guidebook, consistent with federal regulations, and solicit public input regarding requested lease suspensions and unitization agreements, as well as provide timely notice of decisions regarding these matters.

Thank you for your consideration and prompt attention to these matters.

                              Sincerely,


                              Stephen Bloch
                              Landon Newell
                              Attorneys for Southern Utah Wilderness Alliance